IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| TURF FACTORY DIRECT DISTRIBUTING, LLC<br>Plaintiff,<br>v.<br>THE TURF FACTORY LLC<br>Defendant. | ) | Case No.<br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Turf Factory Direct Distributing, LLC ("Plaintiff") alleges against defendant The Turf Factory LLC ("Defendant"), as set forth below.

**THE PARTIES**

1. Turf Factory Direct Distributing, LLC is a Georgia limited liability company with a principal place of business at 205 Howell Drive, Dalton, Georgia 30721.

2. Upon information and belief, The Turf Factory LLC is a Florida limited liability company with a place of business at 2929 Cleveland Highway, Dalton, Georgia 30721.

## JURISDICTION AND VENUE

3. This is an action for federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), to which are joined substantial and related supplemental claims which arise under Georgia state law.

4. This Court has original jurisdiction over the subject matter of this action arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338. This court has supplemental jurisdiction over the subject matter of this action arising under the state and common law claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant is subject to personal jurisdiction in this District and subject to this Court's specific and general jurisdiction, pursuant to due process, on the grounds that Defendant resides in this District and the state of Georgia, has committed acts of trademark infringement in this District and the state of Georgia, and regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from the provision of services to persons or entities in this District and the state of Georgia. Further, the supplemental claims set forth herein arise from the same case or controversy and the same operative facts as the action over which this Court has original jurisdiction. Additionally, Defendant has purposefully offered artificial turf products for sale using the name THE TURF FACTORY (the "Infringing Mark")

in Dalton, Georgia despite having actual notice that Plaintiff has common law trademark rights for its mark TURF FACTORY DIRECT in Dalton, Georgia.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

7. Turf Factory Direct, L.L.C. was established in Georgia in December 2012. Turf Factory Direct, L.L.C. became a subsidiary of Recreational Group Holdings, LLC in 2020 via an asset purchase agreement. As part of the agreement, Turf Factory Direct Distributing, LLC was formed in Georgia in December 2020, and the assets of Turf Factory Direct, L.L.C. were transferred to Turf Factory Direct Distributing, LLC, including the trademark assets and the goodwill associated therewith. Turf Factory Direct, L.L.C. was active and in good standing at all times prior to entering into the purchase agreement, and Turf Factory Direct Distributing, LLC has been active and in good standing since its formation in December 2020.

8. Turf Factory Direct Distributing, LLC is an artificial turf supplier providing artificial turf and related products directly from the warehouse to the consumer.

9. Through its predecessors, Plaintiff Turf Factory Direct Distributing, LLC has been offering artificial turf products under the trademarks TURF FACTORY DIRECT and TURF FACTORY DIRECT (with design) (the "Marks") since at least as early as 2012.

10. Plaintiff primarily offers its goods to consumers through its online retail store, located at turffactorydirect.com.

11. Plaintiff has invested significant time, energy, and money into providing high quality goods and services that have achieved wide-spread recognition among consumers, and has further spent significant resources advertising, promoting, and selling such goods and services under the Marks.

12. In approximately August 2025, Plaintiff became aware that Defendant was promoting artificial turf products under a confusingly similar variation of the Marks, namely THE TURF FACTORY, in Dalton, Georgia. An example of Defendant's use of the Infringing Mark is attached at Exhibit A.

13. In September 2025, Plaintiff sent a letter to Defendant asserting its common law rights in the Marks and requesting Defendant to change its name. Despite several conversations between the parties' respective counsel, discussions stalled and the issue was not resolved. A copy of the September 2025 letter is attached at Exhibit B.

14. In April 2026, Plaintiff sent another letter to Defendant further asserting its common law rights in the Marks. Plaintiff did not receive a response. A copy of the April 2026 letter is attached at Exhibit C.

15. Defendant's motive in copying and utilizing the Infringing Mark is to pass itself off as Turf Factory Direct Distributing, tarnishing Turf Factory Direct Distributing's reputation and the value of Turf Factory Direct Distributing's intellectual property.

16. Defendant's conduct is willful and intentional and represents a complete disregard for Turf Factory Direct Distributing's rights in the Marks.

17. Defendant's conduct is likely to cause, and indeed has caused, consumers to believe mistakenly that the goods provided by Defendant are either affiliated with, endorsed or authorized by, or are otherwise connected to Turf Factory Direct Distributing. Suppliers of Defendant's goods have mistakenly contacted Plaintiff regarding unpaid invoices.

18. Defendant is not authorized, and has never been authorized, to use, display, or to offer any goods using the Marks or any similar marks.

19. Defendant has infringed upon Plaintiff's exclusive rights in the Marks by using a colorable imitation of the Mark in advertisements, including the business signs at Defendant's Dalton, Georgia location, and in connection with the

sale, offering for sale, and distribution of competing goods which is likely to cause confusion, or to cause mistake, or to deceive.

20. Defendant's use of the Infringing Mark is likely to cause confusion in the minds of the purchasing public such that Turf Factory Direct Distributing will be irreparably damaged, and such damage will continue unless enjoined by this Court.

**COUNT I**

**(Trademark Infringement, Unfair Competition, and False Designation of Origin under Section 43 of the Lanham Act)**

21. Plaintiff incorporates by reference all previous allegations as though set forth fully here.

22. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits any person from using in commerce any word, term, name, symbol, or device, or any false designation or origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his goods by another person.

23. The Marks have achieved secondary meaning over the course of more than 10 years of the marks being used in commerce with the sale of artificial turf and related products. Turf Factory Direct Distributing therefore has the exclusive

right to use the mark in connection with the sale, offering for sale, distribution, or advertising of the relevant goods under the Marks.

24. Defendant has used and continues to use a colorable imitation of the Marks via the Infringing Mark in connection with the sale of artificial turf without Plaintiff's consent or authorization. Defendant's use of the Infringing Mark has deceived and continues to deceive the public by leading the public to believe that Defendant is somehow associated with Turf Factory Direct Distributing, which is not the case.

25. Defendant's use of the Infringing Mark in connection with the sale of artificial turf has tarnished and continues to tarnish the good reputation of Turf Factory Direct Distributing, which has resulted in substantial and irreparable injury to the public and to Turf Factory Direct Distributing.

26. Defendant had actual knowledge of Turf Factory Direct Distributing's exclusive ownership of the Marks as of at least September 2025. Defendant's conduct is therefore willful and reflects Defendant's intent to damage Turf Factory Direct Distributing's good reputation.

27. Plaintiff has no control over the nature and quality of the goods or services provided by Defendant. Any failure, neglect, or default by Defendant in providing such goods or services will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its

reputation in the marketplace resulting in loss of sales and the considerable expenditures to promote its services under the Marks, all to the irreparable harm of Plaintiff.

28. Defendant's unauthorized use of the Infringing Mark in interstate commerce in connection with the sale of artificial turf constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

29. Defendant's unauthorized marketing and sale of artificial turf products in interstate commerce using the Infringing Mark constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or being connected with Plaintiff in violation of 15 U.S.C. § 1125(a).

30. As a direct and proximate result of Defendant's infringement of the Marks, Plaintiff's remedy at law is not adequate to compensate Plaintiff for the damages inflicted by Defendant, and Plaintiff is entitled to permanent injunctive relief against Defendant pursuant to 15 U.S.C. § 1116.

## COUNT II

## (State Law Trademark Infringement)

31. Plaintiff incorporates by reference all allegations set forth in the foregoing paragraphs of this Complaint as if set forth herein.

32. This claim of trademark infringement arises under O.C.G.A. § 10-1-451 and § 10-1-452.

33. Defendant's use of the Infringing Mark which so closely resembles Plaintiff's Marks is likely to injure the business reputation of Plaintiff at least because Defendant's use of the Infringing Mark with artificial turf products is not under the control of Turf Factory Direct Distributing and the value and quality of the goods and services offered by Defendant may not meet the quality standards of Turf Factory Direct Distributing for the goods and services offered under the Marks.

34. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff, its business reputation, and its goodwill. Plaintiff has no adequate remedy at law and will continue to be irreparably harmed unless and until Defendant is enjoined from these actions.

**COUNT III**

**(Unfair Competition, Passing Off)**

35. Plaintiff incorporates by reference all allegations set forth in the foregoing paragraphs of this Complaint as if set forth herein.

36. By virtue of its intentional infringement of Plaintiff's TURF FACTORY DIRECT Mark, Defendant has violated state unfair competition laws under Georgia law.

37. Defendant's conduct is in violation of the common law prohibiting unfair competition and passing off. Defendant's conduct is and was intentional or fraudulent, with full knowledge that it violated and is violating Plaintiff's intellectual property interests in the Marks and with an intent to deceive.

38. Defendant has used Plaintiff's Marks to divert or damage Plaintiff's business relationships, expectancies, and opportunities to the detriment of Plaintiff.

39. Defendant's actions will cause Plaintiff to lose the benefit of the substantial investment made in developing, marketing, and selling its goods and services. Defendant's improper actions, particularly after being asked to stop multiple times in writing by Plaintiff, are intended to cause harm to Plaintiff.

40. Defendant's actions constitute unfair competition. The actions were intentional and calculated to injure Plaintiff in the relevant marketplace by attracting Plaintiff's clients for Defendant's benefit. Indeed, Defendant opened a brick-and-mortar location in the *same city* as Plaintiff using a confusingly similar name. Defendant's actions are unfair and wrongful and done with the intent of damaging Plaintiff's business interests.

41. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff, its business reputation, and its goodwill. Plaintiff has no adequate remedy at law and will continue to be irreparably harmed unless and until Defendant is enjoined from these actions.

42. Defendant's conduct was gross, wanton, malicious, oppressive, and shows spite towards Plaintiff. Defendant's actions exhibit ill will and reckless indifference to the interest of others. As a result, Defendant is liable for punitive damages.

**COUNT IV**

**(Violation of Georgia's Deceptive Trade Practices Act)**

43. Plaintiff incorporates by reference all allegations set forth in the foregoing paragraphs of this Complaint as if set forth herein.

44. This count arises under O.C.G.A. § 10-1-372 and § 10-1-373 and opinions such as *Eckles v. Atlanta Tech Group, Inc.*, 267 Ga. 801, 485 S.E.2d 22 (1997).

45. Defendant has engaged in deceptive trade practices at least because Defendant willfully has and continues to pass off its goods and services as those of another, has caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods and services or as to affiliation, connection or association with or certification by another, and/or has represented that its goods and services have sponsorship or approval which they do not have.

46. Turf Factory Direct Distributing has been damaged by Defendant's conduct and has no adequate remedy at law.

47. Plaintiff seeks judgment against Defendant for all relief available under the Georgia Deceptive Trade Practices Act, including injunctive relief, attorney's fees, costs, and such other further and different relief as the court may deem appropriate, including damages and profits as may be available at common law.

## PRAYER FOR RELIEF

In light of the foregoing, Plaintiff Turf Factory Direct Distributing, LLC respectfully prays for the following relief against Defendant:

A. A final judgment that Defendant has violated Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

B. A final judgment that Defendant has violated Georgia unfair competition law;

C. A permanent injunction enjoining Defendant and all persons acting in active concert or participation therewith from:

i. using the Infringing Mark or any other reproduction, counterfeit, copy, or colorable imitation of the Infringing Mark on or in connection with any goods or services;

ii. engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Turf Factory Direct Distributing's business reputation, including through the



#5281086v1

continued offering of artificial turf products and related services; and

iii. using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Marks in connection with the promotion, advertisement, display, provision, or offer for provision, of artificial turf products and related services;

D. An award of trebled damages to which Turf Factory Direct Distributing is entitled under 15 U.S.C. § 1117(a);

E. An award of Turf Factory Direct Distributing's reasonable attorneys' fees and costs under 15 U.S.C. § 1117;

F. An award of Turf Factory Direct Distributing's reasonable attorneys' fees and costs under O.C.G.A. § 10-1-451;

G. An assessment of interest, both pre- and post-judgment, on the damages awarded;

H. An award of costs incurred by Turf Factory Direct Distributing in bringing and prosecuting this action;

I. An award of punitive damages in an amount sufficient to deter Defendant, and others, from similar actions in the future;

J. Any other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this 1st day of September, 2026.

Allen Justin Poplin
Georgia Bar No. 142033
jpoplin@avekip.com
Avek IP, LLC
7285 W. 132nd St.
Suite 340
Overland Park, Kansas 66213
Tel: (913) 303-3840

*/s/ Solesse L. Altman*
Jason J. Carter
Georgia Bar No. 141669
carter@bmelaw.com
Solesse L. Altman
Georgia Bar No. 442827
altman@bmelaw.com
BONDURANT MIXSON
& ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, Georgia 30309
Tel: (404) 881-4100

*Attorneys for Plaintiff*